## In Re Anonymous No. 41 D.B. 80 and 54 D.B. 80

Disciplinary Board Docket no. 41 D.B. 80.

HELWIG, *Board Member,* September 16, 1982 —Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208(d)(iii), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits the following findings and recommendations, together with the briefs filed with the board and the entire record in the above-captioned petitions for discipline.

### I. HISTORY OF PROCEEDINGS

### No. 41 D.B. 80

On July 28, 1980, the Office of Disciplinary Counsel filed a petition for discipline against respondent at no. 41 D.B. 80, alleging violations of D.R. 1-102(A)(3) through (6), D.R. 7-102(A)(4), (6), and (7) and D.R. 7-102(B)(2). These charges arose out of an arbitration proceeding in the Court of Common Pleas of [ ] County, Pa., at which respondent appeared accompanied by a law student who was working as a clerk in his office, instead of the individual defendant whom he was representing. Plaintiff's attorney then began his case by calling the named defendant as his first witness, as and for cross-examination. Respondent objected to his

client being called as a witness, but these objections were overruled and the law clerk, who had entered the hearing with respondent, took the stand, and identified himself falsely as the defendant in the arbitration proceedings. Thereafter, through the use of a private detective, plaintiff's counsel learned that the person who had taken the witness stand and had identified himself as the defendant was in fact not the defendant. This matter was reported to the Office of Disciplinary Counsel and resulted in the initiation of these proceedings. Respondent filed an answer to the petition for discipline and hearing was held before a hearing committee on November 4, 1981.

On May 21, 1982, the hearing committee filed a report finding violations of D.R. 1-102(A)(4) and (5) and D.R. 7-102(A)(4) and (6). The hearing committee was unanimous with respect to its findings and conclusions and all members of the committee agreed that some type of discipline was required. Two of the three committee members agreed that respondent should be suspended by the Supreme Court of Pennsylvania for a period of one year. The dissenting member of the hearing committee recommended that respondent be issued a public censure with probation under such terms and conditions as the board or the Supreme Court should deem appropriate.

On June 21, 1982, respondent filed exceptions to the decision of the hearing committee, together with a brief in support thereof.[1] Disciplinary Coun-

---

1. Respondent has admitted that his conduct at the arbitration hearing violated D.R. 1-102(A)(4) and (5). He disputes the findings that he violated D.R. 7-102(A)(4) and (6) and asserts that the penalty suggested by the majority of the hearing committee is too harsh.

sel filed a brief opposing respondent's exceptions and pursuant to respondent's request, oral argument was held before a panel of the board on August 24, 1982.

## No. 54 D.B. 80

On October 29, 1980, the Office of Disciplinary Counsel filed a second petition for discipline against respondent at No. 54 D.B. 80, alleging violations of D.R. 1-102(A)(4) and D.R. 6-101(A)(3). These charges arose out of a complaint against respondent made by a client who had retained respondent to file an appeal to the Commonwealth Court from a decision of the Employment Compensation Board of Review. The client alleged in his complaint that respondent had neglected the matter; that the neglect had resulted in the dismissal of the appeal for want of prosecution; that respondent had failed to advise the client of these events and had falsely reported that the case was progressing, etc. These allegations were denied by respondent who asserted that his failure to take action on behalf of the client in the appeal was the result of the client's failure to pay the costs which he had been advised would have to be paid. Respondent also contended that the client had been fully and adequately advised concerning the status of those proceedings, including the dismissal of the action. The client/complainant did not appear in person at the hearing held on November 4, 1981, but his testimony had been taken by deposition. After consideration of his testimony and that of respondent, the hearing committee found that the evidence was not sufficient to support a finding that respondent had violated any of the Disciplinary Rules and unanimously recommended that the charge against re-

spondent at No. 54 D.B. 80 be dismissed. No exception to this decision was filed by Disciplinary Counsel.[2]

## II. STATEMENT OF FACTS

There is virtually no dispute concerning the facts with respect to the charge at No. 41 D.B. 80 and the board, after review, adopts the findings set forth in the hearing committee's report, except Finding No. 17.[3] The summary in the hearing committee's report succinctly sets forth the relevant facts:

"Respondent represented a Defendant operator, [A], in an action in trespass arising out of an automobile collision at Arbitration Docket No. [   ] of 1979 in the Court of Common Pleas of [   ] County on June 18, 1979. Respondent had the Defendant [A], present for the arbitration hearing but did not bring him before the Arbitrators. Respondent introduced his law clerk, [B] to [A] and said that he planned to have [B] appear at the Arbitrator's Hearing to see if the Plaintiff would identify [B] as [A]. [B] was advised of [A's] name and address by Respondent. [B] was sworn along with other witnesses by the Arbitrators and was called to testify as on

2. Because no exception was taken by Disciplinary Counsel to the Hearing Committee's recommendation that the charges at No. 54 D.B. 80 be dismissed, this decision has not been reviewed by the board and there is no further reference to the charges at No. 54 D.B. 80 in this report.

3. Finding No. 17 states that respondent had accepted service of a subpoena requiring his client's attendance at the arbitration proceeding. This finding is clearly erroneous. The notes of testimony referred to in support of the finding refer to the hearing on appeal from the arbitration proceeding, not to the arbitration hearing. However, the board does not consider this error to be material.

cross-examination by Counsel for the Plaintiff. [B] falsely testified that he was [A], gave [A's] address, stated that he was not the driver of the vehicle involved in the accident and that he did not now have his driver's license with him. Respondent did not stop [B] from testifying and did not later reveal [B's] false testimony. Since the Plaintiff, [C] and his witness, [D], could not identify [B] as the operator of the vehicle, which collided with [C's] vehicle, the Arbitration Hearing was concluded and judgment entered for the Defendant. Attorney [E], as Counsel for the Plaintiff, after the Arbitration Hearing, talked with Respondent and voiced his suspicion that there had been a substitution for the Defendant, [A], Respondent did not, in his conversation with [E], indicate any knowledge of the substitution of [B] for [A]. Later through the use of a private detective, Attorney [E] was able to identify the real [A]."

## III. DISCUSSION

The only material challenge to the hearing committee's findings is respondent's contention that there was insufficient evidence to support the implied finding of the hearing committee that the law clerk who testified at the arbitration hearing had in fact been sworn, a position which respondent contends is a necessary predicate to any determination that there was a violation of D.R. 7-102(A)(4), which involves the knowing use of "perjured testimony or false evidence." It is respondent's position that the knowing use by an attorney of unsworn testimony would not be the use of "perjured" testimony and that the concept of "false evidence" would not encompass unsworn oral testimony.

Basically, the board feels that it is not necessary to dispose of the merits of respondent's contention

because the board is satisfied that the testimony of [D], who had been present at the arbitration hearing, supports the finding that the law clerk had been sworn and was under oath when he testified.

Respondent also challenges finding of fact No. 28 which states: "Respondent by his preparation of [B], intended him, at some time in the hearing, to take the stand as a witness."

After review of the testimony before the hearing committee, the board is satisfied that this finding is a permissible inference drawn from the testimony. It may well be that respondent anticipated that the most likely use of his law clerk as a witness would have been to put him on the stand after he had been incorrectly identified as defendant in the proceeding and have him testify truthfully to his true identification. However, the testimony before the hearing committee unequivocally establishes that respondent not only introduced his law clerk to the client but also gave him the client's address and other information, which preparation supports the inference that he also may have expected, however unlikely it was, that he would use the law clerk to testify falsely that he was the defendant, as he did. Quite apart from this, however, the board feels that the decisions of the hearing committee would be fully justified even if finding of fact No. 28 had not been warranted. Basically, this finding addresses the question of whether respondent's conduct involved the "knowing" use of perjured testimony or false evidence. Even if respondent had not anticipated that his law clerk would take the stand and testify falsely, once he permitted the law clerk to go forward and identify himself falsely as defendant in the arbitration proceeding, the board feels that he had started, at least by that time, to knowingly engage in unethical conduct. Further, the board feels

that even if the hearing committee had accepted the respondent's testimony that the law clerk had not been sworn before taking the witness stand, the conduct of respondent in permitting a person who was believed by the arbitration board to be sworn to take the stand and testify falsely was unethical conduct which violated the Disciplinary Rules and justified the discipline recommended by the majority of the hearing committee.

In this proceeding, respondent has been represented most ably and most diligently by very effective counsel and the board has given serious consideration to the points which have been raised by respondent's exception and argued in respondent's brief. The central thrust of respondent's argument is that the proposed discipline is too severe. He argues that this was the result of certain erroneous findings and conclusions made by the hearing committee. After careful review of the record, the board has concluded that the hearing committee's report contains no material error and that the proposed discipline would be fully justified, even if some of respondent's technical arguments were found to be correct.

The board concedes that one may well have reservations about the appropriateness of the proposed discipline, in the light of the fact that respondent had never been the subject of any prior disciplinary proceedings and that he has an impressive record of community activity. The board also notes that these proceedings have already had an impact on respondent's professional career which must have a very sobering effect upon him. For example, as noted in respondent's brief, upon receiving the report of the hearing committee, [Respondent] resigned from the Pennsylvania [ ] Commission and the Board of Directors of the [ ] School, among

others. He also asked those supporting him for membership on the Property Appeals and Assessment Board of [ ] County to withdraw their support and declined acceptance of an appointment as [ ] for the Human Relations Commission of the City of [ ]. There is no doubt that the recommended suspension of one year from the practice of law will visit very serious economic and professional consequences upon respondent. In evaluating the appropriateness of the recommended discipline, the board has also considered the dissenting opinions of the one member of the hearing committee and of one member of the board. However, after full discussion and consideration, the board has concluded that the discipline recommended by the hearing committee is proper. In reaching this conclusion, the board has been influenced by the fact that the conduct involved could have had a serious adverse effect upon the professional responsibility of the law clerk who was used by respondent in this matter, except for the fact of the further investigation into the matter by the attorney for plaintiff in the arbitration proceeding. Even if respondent's version of this incident were to be accepted, he concedes that he engaged in conduct which was contrary to the Disciplinary Rules. Even if respondent had been surprised by what occurred at the arbitration hearing, he made no effort to draw the truth to the attention of the arbitration panel or to plaintiff's attorney.

## IV. RECOMMENDATION

For the reasons set forth above, the board respectfully recommends that respondent, [ ], be suspended by the Supreme Court of Pennsylvania for a period of one year, and that the court direct that all necessary expenses incurred by this board in the

investigation and processing of the petition for discipline be borne by and paid for by said respondent.

Mary Bell Hammerman, Esq., dissents and would recommend public censure.

### ORDER

O'BRIEN, *C.J.*, And now, this October 19, 1982, upon consideration of the recommendation of the Disciplinary Board dated September 16, 1982, it is hereby ordered that [Respondent] be and he is suspended from the Bar of the Commonwealth for a period of six months, and he shall comply with all the provisions of Rule 217 of the Pennsylvania Rules of Disciplinary Enforcement. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g) of the Pennsylvania Rules of Disciplinary Enforcement.